UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS P. MCDONNELL, III AND
CLM RENTALS, INC.                                                              PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:17-CV-138-DPJ-KFB

WILLIAM C. BURCH, III,
MERIT ASSOCIATES, INC.,
AND W. SCOTT BRANDON                                                            DEFENDANTS

ORDER

There are two motions pending in this contract dispute: Defendant W. Scott Brandon's Motion to Dismiss [4] and Defendant William C. Burch, III's Motion to Set Aside Default [14]. Plaintiffs have also made a request to amend their Complaint, though not in a formal motion. For the reasons that follow, the Court takes Brandon's motion to dismiss under advisement, and Plaintiffs are instructed to file a proper motion seeking leave to amend. Burch's motion to set aside is granted.

I.    Background

Plaintiffs Thomas P. McDonnell and CLM seeks to enforce various financial agreements regarding the asset sale of CLM Rentals, Inc., a company for which he was the president and sole shareholder. On March 1, 2008, Defendant William C. Burch, III, purchased CLM's assets and signed a Promissory Note [1-1] pledging to repay McDonnell, who financed the purchase. Plaintiffs say the Promissory Note was secured by four additional agreements signed that same day: (1) Brandon's Stock Pledge Agreement [1-3] with CLM giving CLM a security interest in Defendant Merit Associates, Inc., stock should Burch default on the Promissory Note; (2) Burch's Stock Pledge Agreement [1-2] with CLM making similar promises in CLM's favor; (3)

Brandon's Continuing Guaranty [1-5] guaranteeing payment of Burch's debt to CLM; and (4) Merit's Continuing Guaranty [1-4] also guaranteeing payment of Burch's debt to CLM.

At the heart of this dispute is a disconnect between the terms of Burch's Promissory Note and the agreements allegedly securing it—primarily Brandon's Continuing Guaranty. Burch's Promissory Note establishes a debt Burch owed McDonnell. Yet Brandon's Continuing Guaranty states that it secures only Burch's debt *to CLM*, with no mention of the McDonnell debt. Brandon therefore says his guaranty gives CLM no right to demand payment for any debts Burch owed McDonnell. Def.'s Mem. [5] at 1. And because "[t]here is no alleged indebtedness of Burch to CLM"—the debt addressed in his guaranty—Brandon seeks dismissal. *Id.* at 2.

Before addressing that motion, the Court concludes that it should clean up the record and address Plaintiffs' desire to amend their complaint and Burch's motion to set aside the Clerk's entry of default.

II.   Leave to Amend

Plaintiffs responded to Brandon's motion in a legal memorandum. In it, they seek leave to amend the Complaint so they can allege mutual mistake and seek reformation of Brandon's Continuing Guaranty. *See* Pls.' Memo. [8] at 7. Simply put, they say the guaranty misidentified CLM as the creditor rather than McDonnell.

"The Court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). But parties must follow the Court's rules. In particular, "[a] response to a motion may not include a counter-motion in the same document" as was done here. L.U. Civ. R. 7(b)(3)(C). And even assuming Plaintiffs had followed this rule, they otherwise failed to attached a proposed amended pleading. *See* L.U. Civ. R. 7(b)(2) ("If leave of court is required

2

under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading.").

That said, both parties address this issue to some extent in their briefs, and it appears that there might be a plausible basis for a mutual-mistake claim. Without going into detail, the other agreements that unambiguously secure the Burch-to-McDonnell Promissory Note seem to misidentify CLM as Burch's creditor, making it plausible that the disputed guaranty contains the same mistake. In addition, the Court believes it would be more prudent to consider the mutual-mistake amendment before exploring Brandon's Motion to Dismiss. The former could impact the latter. Accordingly, Plaintiffs may file a motion to amend—attaching a proposed amended complaint—within ten (10) days of the entry of this order.

III.    Motion to Set Aside Default

Defendant Burch seeks an order setting aside the Clerk's Entry of Default [13] entered against him on July 11, 2017. Plaintiffs have not timely responded in opposition, and under Local Rule 7(b)(3)(E), the Court may grant non-dispositive motions as unopposed. Accordingly, the Court finds that Burch's motion [14] should be granted. *See United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) ("The decision to set aside a default decree lies within the sound discretion of the district court."). The Clerk's Entry of Default [13] is hereby set aside, and Burch's Answer [15] is now properly before the Court.

V.    Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the foregoing reasons, Brandon's Motion to Dismiss [4] is taken under advisement; Plaintiffs are given ten (10) days to file a proper motion to amend; and Burch's Motion to Set Aside [14] is granted.

3

**SO ORDERED AND ADJUDGED** this the 7th day of September, 2017.

                                                    s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE